IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL SHERIFF SCOTT,

      Petitioner,

v.                          CIVIL ACTION NO. 1:18CV113
                                 CRIMINAL ACTION NO. 1:15CR31
                                   (Judge Keeley)

UNITED STATES OF AMERICA,

      Respondent.

MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

Pending before the Court is the amended pro se motion filed by the petitioner, Michael Sheriff Scott ("Scott"), to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, and his motion requesting an evidentiary hearing. For the reasons that follow, the Court **DENIES** Scott's amended § 2255 motion, (dkt. no. 14),[1] **DENIES AS MOOT** his motion for evidentiary hearing, (dkt. no. 35), and **DISMISSES** this case **WITH PREJUDICE**.

## I. BACKGROUND

**A.    Procedural History**

On May 22, 2015, Scott pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Case No. 1:15CR31, Dkt. No. 17).

---

[1] All docket numbers, unless otherwise noted, refer to Case No. 1:18CV113.

**SCOTT V. UNITED STATES**                                              1:15CR31
                                                                        1:18CV113

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

On September 29, 2015, the Court sentenced Scott to 77 months of imprisonment, followed by 3 years of supervised release (Id., Dkt. No. 27).

On October 7, 2015, Scott appealed to the United States Court of Appeals for the Fourth Circuit, asserting this Court had erroneously increased his base offense level based on a prior conviction that, under Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551 (2015), was no longer a "crime of violence" (Id., Dkt. No. 30). On August 25, 2017, the Fourth Circuit affirmed Scott's conviction and sentence, and later rejected his petition for rehearing and rehearing en banc (Id., Dkt. Nos. 41, 42, 44).

On May 14, 2018, Scott filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, (dkt. no. 1), asserting again that, under Johnson, this Court had miscalculated his base offense level. Thereafter, Magistrate Judge Michael J. Aloi directed the Government to respond to Scott's motion (Dkt. No. 3).

But on June 11, 2018, Scott moved to withdraw his § 2255 motion and replace it with an amended motion (Dkt. No. 6). Magistrate Judge Aloi construed Scott's motion as a motion for

2

**SCOTT V. UNITED STATES**                                    1:15CR31
                                                             1:18CV113

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

leave to amend and granted him leave, but warned Scott to include all of his claims in the amended § 2255 motion because that amended motion would supersede Scott's earlier motion (Dkt. No. 7). Magistrate Judge Aloi also vacated his previous order directing the Government to respond. Id.

On June 14, 2018, Magistrate Judge Aloi notified Scott that his amended § 2255 motion did not comply with the Local Rules of Prisoner Litigation Procedure and, consequently, would be stricken unless re-filed on an approved form (Dkt. No. 11). On June 25, 2018, Scott re-filed his amended motion and also moved for leave to file excess pages (Dkt. Nos. 14, 15). Magistrate Judge Aloi granted Scott's motion and ordered the Government to respond to his amended § 2255 motion (Dkt. Nos. 16, 18). Scott has replied to the Government's response, (dkt. no. 35), and the matter is ripe for disposition.[2]

---

[2] Although Scott has been released from the custody of the Bureau of Prisons, he is currently serving a term of supervised release. Consequently, his § 2255 petition is still viable. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for the purposes of a § 2255 motion.").

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

**B.    Grounds in § 2255 Motion**

Scott raises eight grounds in support of his § 2255 motion, all of which can be grouped into four separate categories: (1) his previous conviction for first-degree assault under Maryland law; (2) the Court's alleged errors in calculating his sentence; (3) violations of 18 U.S.C. § 3742; and (4) ineffective assistance of counsel (Dkt. No. 14).

The Government contends that many of Scott's arguments are procedurally defaulted because the Fourth Circuit has already determined that his sentence was not imposed as a result of an incorrect application of the guidelines (Dkt. No. 29 at 8). The Government also asserts that Scott has failed to establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985), because he has not shown either how counsel's conduct fell below an objective standard of competence, or that the results of his appeal were fundamentally unfair. Id. at 4.

## II. APPLICABLE LAW

28 U.S.C. § 2255(a) permits federal prisoners who are in custody to assert the right to be released if "the sentence was

4

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

imposed in violation of the Constitution or laws of the United

States," if "the court was without jurisdiction to impose such

sentence," or if "the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack."

A petitioner bears the burden of proving any of these grounds by a

preponderance of the evidence. See Miller v. United States, 261

F.2d 546, 547 (4th Cir. 1958).

### III. DISCUSSION

**A.   Grounds One, Three, Four, and Six: Scott's Challenge to his
Sentence[3]**

Several arguments advanced by Scott are based on his erroneous

assertion that first-degree assault under Maryland law is not a

crime of violence. First, Scott argues that the Government cannot

rely on the residual clause of U.S.S.G. § 4B1.2(a) to determine

whether first-degree assault under Maryland law is a crime of

---

[3] Ground Two of Scott's § 2255 motion states: "The District Court
committed procedural error and abused its discretion to the extent
it relied on 2K2.1 and PSR to calculate the guidelines range.
Defense Attorney, Ed Rollo committed procedural error when he did
not object nor question the base-offense level enhancement before
the district court" (Dkt. No. 14 at 7). However, in his memorandum,
Scott focuses on his attorney's alleged error at sentencing and,
therefore, the Court construes this ground to concern alleged
ineffective assistance of counsel.

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

violence (Dkt. No. 14 at 6). He also asserts that <u>Beckles v. United
States</u>, __ U.S. __, 137 S.Ct. 886 (2017), does not comprehensively
resolve whether a conviction for first-degree assault qualifies as
a crime of violence under the advisory federal sentencing
guidelines. <u>Id.</u> at 9. Finally, Scott contends that the Court
improperly enhanced his base offense level and engaged in
impermissible double counting, in violation of his Sixth Amendment
rights. <u>Id.</u> at 7, 10-12.

Even if these arguments are not foreclosed by the Fourth
Circuit's rejection of his appeal on these points, all are fatally
flawed because (1) first-degree assault under Maryland law is a
crime of violence; (2) <u>Beckles</u> holds that, under the guidelines, a
sentencing enhancement for a crime of violence is not subject to a
void for vagueness challenge; and (3) the Court faithfully followed
the guidelines in calculating Scott's sentence.

**1.    Prior Appeal and Procedural Default**

Scott's arguments regarding his first-degree assault
conviction are barred by his prior appeal, and his arguments about
the calculation of his sentence are procedurally defaulted. Issues
fully considered on direct appeal may not be recast under the guise

6

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

of a collateral attack by way of a motion to vacate or correct sentence. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Once a defendant has exhausted or waived his right to appeal, the Court is "entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). Therefore, a claim decided on direct appeal cannot ordinarily be re-litigated in a § 2255 motion unless the petitioner can show an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974).

Because "a final judgment commands respect," a petitioner's failure to raise a claim on direct appeal may bar collateral review unless he can surmount a significant procedural hurdle. Frady, 456 U.S. at 165. To successfully attack his conviction or sentence based on errors that could have been raised on appeal, Scott must show "cause and actual prejudice" or demonstrate "that a miscarriage of justice would result" from the Court's refusal to entertain his arguments. United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999).

First, to prove cause, "a procedural default must turn on

7

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

something external to the defense, such as the novelty of the claim
or a denial of effective assistance of counsel." Id. Then, the
petitioner must establish actual prejudice by demonstrating that
the error works to the petitioner's "actual and substantial
disadvantage," rather than just creating a possibility of
prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)
(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

     "In order to demonstrate that a miscarriage of justice would
result from the refusal of the court to entertain the collateral
attack, a movant must show actual innocence by clear and convincing
evidence." Mikalajunas, 186 F.3d at 493. "Typically, to establish
actual innocence, a petitioner must demonstrate actual[,] factual
innocence of the offense of conviction, i.e., that petitioner did
not commit the crime of which he was convicted; this standard is
not satisfied by a showing that the petitioner is legally, but not
factually, innocent." Id. at 494. The petitioner must show that "it
is more likely than not that no reasonable juror would have
convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995).

     The Fourth Circuit previously rejected Scott's contention that
his prior conviction for first-degree assault was no longer a crime

SCOTT V. UNITED STATES                                   1:15CR31
                                                         1:18CV113

## MEMORANDUM OPINION AND ORDER DENYING
## PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
## 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
## HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

of violence. See United States v. Scott, 696 Fed. App'x 626 (4th Cir. 2017) (per curiam). Despite raising this issue again in grounds one and three, Scott has not produced any new evidence that has come to light since his appeal was decided. Therefore, the Fourth Circuit's decision bars Scott's collateral attack on these grounds.

Furthermore, grounds four and six of Scott's amended § 2255 motion are procedurally defaulted. Read liberally, Scott contends that his appellate attorney failed to raise certain issues on appeal and, therefore, the cause element is satisfied. However, Scott fails to establish that he was actually prejudiced when his attorney failed to raise these issues. In other words, he has not demonstrated that a decision not to raise any of these grounds on appeal worked to his actual and substantial disadvantage. Even if his argument created a mere possibility of prejudice, it fails to meet the heightened standard required to support a collateral attack. Moreover, as is discussed later, even if not procedurally barred, Scott's arguments in grounds four and six are meritless.

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

---

2.   **Grounds One and Three: Maryland's First-degree Assault Statute**

Scott's arguments in support of grounds one and three are not only not viable, they have no merit. As a preliminary matter, since the Johnson decision, courts have repeatedly held that a violation of Maryland's first-degree assault statute qualifies as a crime of violence. See United States v. Redd, 372 Fed. Appx. 413, 415 (4th Cir. 2010) (approval noted in United States v. Battle, (4th Cir. 2019); United States v. Zavala Romero, 742 Fed. Appx. 21 (Mem.) (5th Cir. 2018); United States v. Haight, 892 F.3d 1271, 1281 (D.C. Cir. 2018), abrogated on other grounds sub nom., Borden v. United States, __ U.S. __, 141 S.Ct. 1817 (2021)); see also Martino v. United States, No. 1:16-cv-735 (LMB), 2020 WL 3579548 (E.D. Va. July 1, 2020); Jordan v. United States, No. 1:16-cv-607 (LMB), 2020 WL 3579549 (E.D. Va. July 1, 2020); Tweedy v. United States, No. 1:16-cv-760 (LMB), 2020 WL 3513699 (E.D. Va. June 29, 2020). Furthermore, the guideline definition of a "crime of violence" categorically matches the statutory definition of Scott's prior first-degree assault conviction. See, e.g., United States v. Dozier, 848 F.3d 180 (4th Cir. 2017) (comparing West Virginia

10

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

conviction to U.S.S.G. § 4B1.1 definition of "controlled substance offense").

For a prior conviction to qualify as a predicate offense under the guidelines, the elements of Scott's prior felony assault conviction must correspond in substance to the elements in the definition of "crime of violence." See id. Accordingly, the Court focuses on "whether the defendant was in fact convicted of a crime that qualifies as a predicate offense." Id. at 183 (citation omitted). This categorical approach looks to the elements of the prior offense rather than the conduct underlying the conviction. Id.

The definition of "crime of violence" in U.S.S.G. § 4B1.2 states:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

SCOTT V. UNITED STATES                                          1:15CR31
                                                               1:18CV113

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

U.S.S.G. § 4B1.2(a) (2014).[4] Scott's arguments concern how the holding in <u>Johnson</u> applies to this definition - specifically, he argues that the "residual clause" in subsection (a)(2) of the guideline is void for vagueness.[5] But he overlooks and fails to address the critical "force clause" in § 4B1.2(a)(1). Because the elements of Maryland's first-degree assault statute are a categorical match with those found at § 4B1.2(a)(1), Scott's argument fails.

Maryland's first-degree assault statute criminalizes conduct that "intentionally cause[s] or attempt[s] to cause serious physical injury to another." MD. Crim. Law § 3-202(a)(1) (2005). A person may also not commit an assault with a firearm. <u>Id.</u> at § 3-202(a)(2). A conviction under this statute exposes an individual to a term of imprisonment not greater than twenty-five (25) years. <u>Id.</u> at § 3-202(c). Maryland law defines "assault" as "the crimes of assault, battery, and assault and battery." <u>Id.</u> at § 3-201(b).

---

[4] The United States Probation Officer used the 2014 United States Sentencing Commission Guidelines Manual to prepare Scott's PSR (Case No. 1:15CR31, Dkt. No. 25 at ¶ 18).

[5] Again, the Fourth Circuit squarely rejected this argument in Scott's appeal.

SCOTT V. UNITED STATES                                    1:15CR31
                                                         1:18CV113

## MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

And "serious physical injury" means a "physical injury that creates a substantial risk of death" or causes permanent or protracted serious disfigurement or impairment or loss of a bodily member or organ. Id. at § 3-201(d).

Pursuant to U.S.S.G. § 2K2.1(a)(2), for the purpose of applying an increased base offense level if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, the term "crime of violence" has the same meaning used in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.

Comparing the statute at issue with these defined terms establishes that Maryland's first-degree assault statute matches the term "crime of violence." To commit first-degree assault under Maryland law, an individual must intentionally cause or attempt to cause serious physical injury to another. This tracks the requirement in U.S.S.G. § 4B1.2(a) that a crime must have a use or attempted use of force as an element to qualify as a "crime of violence." Therefore, Maryland's first-degree assault statute

13

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

categorically matches the term "crime of violence" for the purpose

of applying a base level enhancement under U.S.S.G. § 4B1.2(a).

### a.   Ground One - Government Waived Reliance on the Residual Clause

Scott alleges that the Government "fail[ed] to assert a

potential basis for 'crime of violence' in its answering brief" and

thus waived that issue. Ultimately, however, the Fourth Circuit

upheld the classification as a crime of violence and that judgment

is final. Moreover, as emphasized here, a violation of Maryland's

first-degree assault statute is a crime of violence based on

U.S.S.G. § 4B1.2(a)'s force clause, <u>not</u> the residual clause.

### b.   Ground Three - <u>Beckles</u>

Scott's argument that <u>Beckles v. United States</u>, __ U.S. __,

137 S.Ct. 886 (2017), does not comprehensively resolve the question

of whether his conviction for first-degree assault qualifies as a

crime of violence under the advisory guidelines is without merit

and irrelevant. Throughout his appeal and collateral attack, Scott

has maintained that the guideline definition of "crime of violence"

is analogous to the statutory definition found in the Armed Career

Criminal Act rejected by the Supreme Court in <u>Johnson v. United</u>

14

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

## MEMORANDUM OPINION AND ORDER DENYING
### PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

States, 576 U.S. 591, 135 S.Ct. 2551 (2015). Johnson held that imposing an increased sentence under the residual clause of the ACCA violated the Due Process Clause because it was unconstitutionally vague. Id.  Fatal to Scott's argument here, however, is the decision of the Supreme Court in Beckles that the United States Sentencing Guidelines are not subject to a void for vagueness challenge. Beckles, 137 S.Ct. 886.

Beckles thus completely forecloses Scott's argument. And even if it did not, as discussed earlier, the elements of Maryland's first-degree assault statute categorically match the elements of a crime of violence as defined at U.S.S.G. § 4B1.2(a).

   3.   Grounds Four and Six - Guideline Range Calculation and Scott's Sixth Amendment Rights

      a.   Ground Four - Guideline Range Calculation

Scott next argues that, when calculating his guideline range, the Court double counted his prior convictions for first-degree assault and a controlled substance offense. He asserts that the Court not only used them to enhance his base offense level, but by according each prior conviction three points in his criminal

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

history category calculation, also overstated his criminal history (Dkt. No. 14-2 at 10-11).

U.S.S.G. § 2K2.1 of the guidelines provides the framework for calculating the offense level for various offenses, including possession of a firearm by a prohibited person. U.S.S.G. § 2K2.1(a)(2) establishes a base offense level of 24, based on the aggravating factor of the defendant's commission of the instant offense "subsequent to sustaining at least two felony convictions of either of a crime of violence or a controlled substance offense."

U.S.S.G. § 4A1.1, on the one hand, outlines the procedure for calculating a defendant's criminal history category. It employs a graduated approach, assessing criminal history points for various types of aggravating conduct. For instance, three points are assessed for each "prior sentence of imprisonment" that "exceed[ed] one year and one month," U.S.S.G. § 4A1.1(a), while two points are assessed for "each prior sentence of imprisonment of at least sixty days not counted in (a)." U.S.S.G. § 4A1.1(b). One point is awarded for "each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection." U.S.S.G. § 4A1.1(c).

16

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

Based on this, the Court calculated Scott's base offense level at a level 24 because of his prior felony convictions for first-degree assault and conspiracy to distribute cocaine. Scott's offense level was reduced by three levels for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 21 (Case No. 1:15CR31, Dkt. No. 25 at 3).

The Court adopted the PSR's calculation that Scott had nineteen criminal history points, resulting in a criminal history category VI. Id. at 14. Six of those points stem from his felony assault and controlled substance convictions. Id. at 6, 9.

"In a literal sense, [Scott's prior convictions were] counted twice - [they] were employed to enhance his offense level and [determine] his criminal history category." United States v. Crawford, 18 F.3d 1173, 1179 (4th Cir. 1994). But Scott has not, and cannot, argue that the Court did not follow the plain language of the guidelines as written. Rather, without citing any authority, he contends the Court double counted these offenses.

"Double counting occurs when a provision of the [g]uidelines is applied to increase punishment on the basis of a consideration that had been accounted for by application of another [g]uideline

17

SCOTT V. UNITED STATES                              1:15CR31
                                                    1:18CV113

MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

provision or by application of a statute." <u>United States v. Reevey</u>, 364 F.3d 151, 158 (4th Cir. 2004). "The court presumes double counting is proper where the [g]uidelines do not expressly prohibit it." <u>United States v. Ward</u>, 429 F. App'x 279, 280 (4th Cir. 2011) (citing <u>United States v. Hampton</u>, 628 F.3d 654, 664 (4th Cir. 2010)). "We have repeatedly emphasized that the guidelines should be applied 'as written.'" <u>Crawford</u>, 18 F.3d at 1179 (quoting <u>United States v. Williams</u>, 954 F.2d 204, 206 (4th Cir. 1992)).

Fatal to Scott's argument is the fact that the guidelines do not expressly prohibit use of his prior felony convictions to enhance his base offense level and to assess six criminal history points. Therefore, the Court correctly applied the guidelines as written and accurately calculated Scott's base offense level and criminal history category. <u>See, e.g.</u>, <u>United States v. Hayes</u>, 351 F. App'x 811, 813 (4th Cir. 2009) (A district court complies with the Sixth Amendment and judicial precedent by appropriately treating the guideline range as advisory).

### b.   Ground Six - Scott's Sixth Amendment Rights

Scott also argues that Amendment 798 abolished the residual clause of U.S.S.G. § 4B1.2(a) and, accordingly, his Sixth Amendment

SCOTT V. UNITED STATES                                          1:15CR31
                                                               1:18CV113

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

rights were violated. In his view, had Amendment 798 been effective at the time he was sentenced, the Court would have imposed a reduced sentence (Dkt. No. 14-2 at 14-17).

As amended, U.S.S.G. § 4B1.2(a) now states:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
(1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

Notably, Amendment 798 modified the definition of "crime of violence" so that "a crime now constitutes one of violence if the crime involved the 'use of force' or it is one of the enumerated crimes found in subsection (2)." United States v. Riley, Criminal No.: ELH-13-0608, 2020 WL 6784467 at *7 (D. Md. Nov. 18, 2020).

Fatal to Scott's argument is the fact that the force clause of U.S.S.G. § 4B1.2(a) was not changed by Amendment 798. As noted, Maryland's crime of first-degree assault is a categorical match with the federal force clause and thus constitutes a crime of violence. Scott's Sixth Amendment rights therefore were not

19

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

violated; even if Amendment 798 had been in effect when he was sentenced, the Court would not have imposed a sentence of imprisonment lower than the one he received in 2015.

**4.    Ground Seven - 18 U.S.C. § 3742(a)**

In ground seven, Scott argues that his sentence was imposed in violation of 18 U.S.C. § 3742(a)(2), (a)(3), and (a)(4). 18 U.S.C. § 3742(a) states, in pertinent part:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed as a result of an incorrect application of the sentencing guidelines; or is greater than the sentence specified in the applicable guideline range . . . or was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. 3742(a)(2)-(4).

Even when liberally construed, Scott's argument fails. As it has already explained, the Court did not incorrectly apply the sentencing guidelines, impose a greater-than-specified sentence, or sentence Scott for an offense for which there is no sentencing guideline. Therefore, Scott's allegations in ground seven are without merit.

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

**B.    Grounds  Two,  Five,  and  Eight:  Ineffective  Assistance  of
       Counsel**

Scott  asserts  three  grounds  related  to  the  alleged
ineffectiveness  of  his  counsel  both  at  sentencing  and  also  on
appeal.  To  succeed  on  an  ineffective  assistance  of  counsel  claim,
a  "petitioner  must  show,  by  a  preponderance  of  the  evidence,  that
(1)  'counsel's  performance  was  deficient,'  and  (2)  'the  deficient
performance  prejudiced  the  defense.'"  Beyle v. United States,  269
F.  Supp.  3d.  716,  726  (E.D.  Va.  2017)  (quoting  Strickland v.
Washington,  466  U.S.  668,  687  (1984));  see also  Hill v. Lockhart,
474  U.S.  52,  58-59  (1985)  (holding  that  "the  two-part  [Strickland
standard]  applies  to  challenges  to  guilty  pleas  based  on
ineffective  assistance  of  counsel.").

To  satisfy  the  first  prong,  a  petitioner  must  show  that
counsel's  conduct  "fell  below  an  objective  standard  of
reasonableness  .  .  .  under  prevailing  professional  norms."
Strickland,  466  U.S.  at  687-88.  But  "[j]udicial  scrutiny  of
counsel's  performance  must  be  highly  deferential"  because  "[i]t  is
all  too  tempting  for  a  defendant  to  second-guess  counsel's
assistance  after  conviction  or  adverse  sentence,  and  it  is  all  too

SCOTT V. UNITED STATES                                1:15CR31
                                                      1:18CV113

MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To satisfy the second prong, in the context of a guilty plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. "The [p]etitioner must 'satisfy both prongs, and a failure of proof on either prong ends the matter.'" Beyle, 269 F.Supp.3d at 726 (quoting United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004)).

1.   **Grounds Two and Five: Ineffective Assistance of Counsel at Sentencing**

Scott's assertions about his counsel's deficient performance at his plea and sentencing are contradicted by the record. Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

or at sentencing. See United States v. Lemaster, 403 F.3d 216, 222
(4th Cir. 2005); Blackledge v. Allison, 431 U.S. 63, 74-75, 97
S.Ct. 1621, 1629-30 (1977)).

Scott neither argues—nor suggests—that the representations he
made during his plea and sentencing were untruthful or involuntary.
He therefore is rightly bound by his sworn statements. The
transcript from his plea hearing confirms that his attorney had
reviewed the plea agreement with him before he signed it (Case No.
1:15CR31, Dkt. No. 36 at 15:8-12). Additionally, at sentencing,
Scott acknowledged he had met with his attorney to review the
information in the PSR and was aware that counsel not only had
filed numerous objections to the PSR but a Sentencing Memorandum as
well (Id., Dkt. No. 37 at 5:25-6:11). These statements bind Scott
unless he can show clear and convincing evidence to the contrary,
which he has failed to do.

Moreover, Scott's contention that his attorney should have
objected to the guideline range as calculated in the PSR lacks
merit. See Strickland, 466 U.S. at 689 (noting that a fair
assessment of counsel's conduct requires an evaluation from
counsel's perspective at the time); see also United States v.

23

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

_____

Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) (holding that "[a]n attorney's failure to raise a meritless argument [ ] cannot form the basis of a successful ineffective assistance of counsel claim[.]"). Scott's criminal history supported an increase in his base offense level based on his prior convictions for a crime of violence and a controlled substance offense, and established a criminal history category of VI (Case No. 1:15CR31, Dkt. No. 25 at 5-13); see also U.S.S.G. §§ 2K2.1(a)(2), 4A1.1. The Court correctly calculated his guideline range according to these parameters, and any objection regarding Scott's "crime of violence" base-offense level enhancement and subsequent sentencing guideline range would have been meritless. Therefore, Scott's contentions cannot form the basis of a successful claim of ineffective assistance of counsel.

Even if Scott's attorney's performance in this regard had been deficient, Scott has failed to allege—let alone establish—that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Indeed, in his brief, Scott states that "the plea agreement and the court both agreed that Petitioner would have been sentenced to the low end of the Guidelines, in this

24

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

case 51 months, without the enhancement, there is a reasonable probability that the outcome would have been different had the court been fully briefed of its options" (Dkt. No. 14-2 at 13).

As this argument makes clear, Scott focuses his argument on his attorney's alleged failure to inform the Court about the impact of <u>Johnson</u> on his case, not his intent to go to trial. Therefore, Scott has failed to demonstrate prejudice under the second <u>Strickland</u> prong, and his arguments in grounds two and five are meritless.

### 2.    Ground Eight: Ineffective Assistance of Appellate Counsel

Finally, Scott alleges his appellate counsel rendered ineffective assistance by failing to file a reply brief. As the Supreme Court noted in <u>Jones v. Barnes</u>, 463 U.S. 745, 103 S.Ct. 3308 (1983):

> There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review. . . . A brief that raises every colorable issue runs the risk of burying good arguments–those that, in the words of the great advocate John W. Davis, "go for the jugular,"– in a verbal mound made up of strong and weak contentions.

SCOTT V. UNITED STATES                          1:15CR31
                                                1:18CV113

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

Id. at 752, 53, 103 S.Ct. 3308 (quoting Davis, The Argument of an Appeal, 26 ABAJ 895, 897 (1940)). See also Kilmer, 167 F.3d at 893.

Here, Scott asserts that his attorney "failed to raise . . . issues on appeal" and by deciding not to reply to the Government's argument regarding whether his assault conviction qualified as a predicate offense for purposes of the enhancement (Dkt. No. 14 at 12).

Counsel is not required to file reply memoranda. Scott's argument that his prior assault conviction is not a crime of violence is wide of the mark, any argument in this vein advanced by appellate counsel would have been futile. Therefore, Scott cannot prevail on his claim of ineffective assistance of appellate counsel.

### IV. MOTION FOR EVIDENTIARY HEARING

Under § 2255, a court must grant a hearing to "determine the issues and make findings of fact and conclusions of law" unless it can be "conclusively shown" through the case record that a petitioner is not entitled to relief. 28 U.S.C. § 2255(b). Scott has not raised any material issues that remain in dispute and therefore cannot demonstrate the need for an evidentiary hearing.

26

**SCOTT V. UNITED STATES**                                    **1:15CR31**
                                                              **1:18CV113**

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000);

McCarver v. Lee, 221 F.3d 583, 598 (4th Cir. 2000). Moreover, an

evidentiary hearing is not necessary when a court can properly

conclude without further production of evidence that an ineffective

assistance of counsel claim is meritless. Strickland, 466 U.S. at

700. As is evident from the discussion above, Scott's allegations

of ineffective assistance of counsel are entirely without merit,

and an evidentiary hearing would not cure any deficiencies in his

arguments.

### V. CONCLUSION

For all the reasons discussed, the Court **DENIES** Scott's

amended § 2255 motion, (dkt. no. 14), **DENIES AS MOOT** the motion for

evidentiary hearing, (dkt. no. 35), and **DISMISSES** this case **WITH**

**PREJUDICE.**

It is so **ORDERED.**

The Clerk **SHALL** enter a separate judgment order and transmit

copies of both orders to the pro se petitioner by certified mail,

return-receipt-requested, and to counsel of record by electronic

SCOTT V. UNITED STATES                                    1:15CR31
                                                          1:18CV113

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S AMENDED § 2255 MOTION [DKT. NO. 14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE

means. The Court **DIRECTS** the Clerk to strike this case from the Court's active docket.

### VI. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Scott has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record,

**SCOTT V. UNITED STATES**                                             **1:15CR31**
                                                                      **1:18CV113**

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S AMENDED § 2255 MOTION [DKT. NO.
14], DENYING AS MOOT PETITIONER'S MOTION FOR EVIDENTIARY
HEARING [DKT. NO. 35], AND DISMISSING CASE WITH PREJUDICE**

the Court concludes that Scott has failed to make the requisite

showing and, therefore, **DENIES** issuing a certificate of

appealability.

DATED: July 30, 2021

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE

29